UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MALIBU MEDIA, LLC

            Plaintiff,

v.

MARK FITZPATRICK,

            Defendants.
_____/

Case No. 1:12-CV-22767

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant Mark Fitzpatrick, by and through his undersigned counsel, hereby answers the Amended Complaint of Plaintiff Malibu Media, LLC as follows:

1. Defendant avers that Paragraph 1 of the Complaint makes legal conclusions that do not require a response.

2. Denied.

3. Defendant is without sufficient knowledge as to the allegations in Paragraph 3, and therefore denies same.

### Jurisdiction And Venue

4. Defendant admits that this Court has jurisdiction over actions pursuant to 28 U.S.C. §§ 1331 and 1338, but otherwise denies the allegations in Paragraph 4.

5. Denied.

6. Defendant admits that he resides in the State of Florida, but otherwise denies the allegations in Paragraph 6.

### Parties

7. Defendant is without sufficient knowledge as to the allegations in Paragraph 7, and therefore denies same.

8. Defendant admits that he resides in the State of Florida, but otherwise denies the allegations in Paragraph 6.

9. Defendant is without sufficient knowledge as to the allegations in Paragraph 9, and therefore denies same.

**Factual Background**

10. Defendant is without sufficient knowledge as to the allegations in Paragraph 10, and therefore denies same.

11. Defendant is without sufficient knowledge as to the allegations in Paragraph 11, and therefore denies same.

12. Defendant is without sufficient knowledge as to the allegations in Paragraph 12, and therefore denies same.

13. Defendant is without sufficient knowledge as to the allegations in Paragraph 13, and therefore denies same.

14. Defendant is without sufficient knowledge as to the allegations in Paragraph 14, and therefore denies same.

15. Defendant is without sufficient knowledge as to the allegations in Paragraph 15, and therefore denies same.

16. Defendant is without sufficient knowledge as to the allegations in Paragraph 16, and therefore denies same.

17. Defendant is without sufficient knowledge as to the allegations in Paragraph 17, and therefore denies same.

18. Defendant is without sufficient knowledge as to the allegations in Paragraph 18, and therefore denies same.

19. Defendant is without sufficient knowledge as to the allegations in Paragraph 19, and therefore denies same.

20. Defendant is without sufficient knowledge as to the allegations in Paragraph 20, and therefore denies same.

21. Defendant is without sufficient knowledge as to the allegations in Paragraph 21, and therefore denies same.

22. Defendant is without sufficient knowledge as to the allegations in Paragraph 22, and therefore denies same.

23. Denied.

24. Denied.

## Miscellaneous

25. Defendant is without sufficient knowledge as to the allegations in Paragraph 18, and therefore denies same.

26. Defendant is without sufficient knowledge as to the allegations in Paragraph 19, and therefore denies same.

## COUNT I

27. Defendant adopts its response to Paragraphs 1-26 and thus responds to Paragraph 27.

28. Defendant is without sufficient knowledge as to the allegations in Paragraph 28, and therefore denies same.

29. Denied.

30. Defendant is without sufficient knowledge as to the allegations in Paragraph 30, and therefore denies same.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### Declaratory Judgment

34. Plaintiff incorrectly alleges that Defendant willfully infringed its exclusive rights under federal copyright law. In fact, Defendant has not infringed Plaintiff's asserted copyrights nor violated any exclusive rights held by Plaintiff. Defendant did not carry out the infringing activities alleged by the Plaintiff in the Complaint. Thus, Defendant denies the allegations of copyright infringement raised by Plaintiff.

35. Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

### SECOND DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

36. Plaintiff has failed to state a claim upon which relief may be granted against Defendant because the Amended Complaint admits that Plaintiff cannot definitively identify the Defendant, but rather bases its claim on Defendant as "the most likely infringer." Am. Compl. at ¶ 23.

37. Because Plaintiff is unable to allege that Defendant actually committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

## THIRD DEFENSE
### De Minimis Non Curat Lex

38. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of *de minimis non curat lex* (the law cares not for trifle) or *de minimis use.*

39. Any infringing activity via Plaintiff's internet connection that occurred was momentary at best, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant.

## FOURTH DEFENSE
### Failure to Mitigate Damages

40. Plaintiff has made no attempt to mitigate any actual or perceived damages, and indeed contributed to the alleged damages by participating, either directly or through its agent, in the alleged BitTorrent Swarm.

## FIFTH DEFENSE
### Innocent Infringement

41. Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because his accessing of any content would not have been willful and instead in good-faith.

## SIXTH DEFENSE
### Barring of Statutory Damages and Attorneys' Fees

42. Plaintiff's claim for statutory damages is barred by the U.S. Constitution. Amongst other rights, the Fifth Amendment right to due process bars Plaintiff's claim.  Due process prohibits an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages.

43. Pursuant to applicable law concerning whether statutory damages are constitutional and to what extent Plaintiff's recovery, if any, must necessarily have a reasonable relationship to the Plaintiff's alleged actual damages caused by the alleged infringement.

## SEVENTH DEFENSE
### Failure to Join an Indispensable Party

44. Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff. Plaintiff failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure, and for such failure, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

## EIGHTH DEFENSE
### License, Consent, and Acquiescence

45. Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent Swarm.

## NINTH DEFENSE
### Unclean hands

46. Plaintiff's claims are barred by the doctrine of unclean hands, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent Swarm.

## TENTH DEFENSE
### Injunctive Relief

47. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

## ELEVENTH DEFENSE
### Lack of Originality

48. Plaintiff's alleged works lack originality and are thus not protectable by copyright.

## TWELFTH DEFENSE
### Invalidity or Unenforceability of Copyright

49. Plaintiff's copyrights are invalid and/or unenforceable.

## THIRTEENTH DEFENSE
### Estoppel

50. Plaintiff's claims are barred by estoppel because Plaintiff authorized use via Bit Torrent, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent Swarm.

## FOURTEENTH DEFENSE
### Waiver

51. Plaintiff's claims are barred by waiver, because Plaintiff authorized use via Bit Torrent, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent Swarm.

## FIFTEENTH DEFENSE
### Forfeiture or Abandonment

52. Plaintiff's claims are barred to the extent that it has forfeited or abandoned its intellectual property by authorizing use via Bit Torrent, including Plaintiff's and/or Plaintiff's agents' participation in the alleged BitTorrent Swarm.

## RESERVATION OF RIGHTS

53. Pursuant to Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Kubs Lalchandani
Kubs Lalchandani
(Florida Bar No.: 63966)
Daniel J. Simon
(Florida Bar No.: 16244)
LALCHANDANI SIMON PL
25 SE 2nd Ave, Suite 1050
Miami, FL  33131
Telephone: (305) 999-5291
Facsimile:   (305) 671-9282
*Attorneys for Defendant Mark Fitzpatrick*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served via CM/ECF electronic service, on this 22nd day of October, 2012, on all counsel or parties of record on the service list.

/s/ Kubs Lalchandani
Daniel Simon