UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MALIBU MEDIA, LLC

        Plaintiff,

v.

MARK FITZPATRICK,

        Defendant.
_____/

Case No. 1:12-CV-22767

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant, by and through undersigned counsel, pursuant to Local Rule 7.5, file this Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment (filed contemporaneously herewith), which is cited to within Defendants' accompanying Motion for Summary Judgment as "SOF ¶ __". The exhibits referred to herein are attached.

## GENERALLY

1. Plaintiff Malibu Media, LLC brought claim against Defendant Mark Fitzpatrick for the alleged infringement of its protected works. *See generally* Am. Compl. [DE 5]. Plaintiff has alleged that its protected works were infringed on three (3) separate occasions, including: (1) February 1, 2012 at 3:26 a.m. EST; (2) February 9, 2012 at 12:07 p.m. EST; and (3) February 11, 2012 at 5:33 a.m. EST.[1] Am. Compl., Exh. A. In bringing this copyright infringement claim Plaintiff concedes that it lacks certainty as to who is the actual infringer of its protected works. Am. Compl. ¶¶ 23-24. Plaintiff brought this claim against Defendant based on the rationale that because Defendant is the subscriber of the Internet service in connection to the infringing IP

---

[1] For the Court's convenience, the times listed in this Statement of Facts are Eastern Standard Time. Plaintiff's Amended Complaint listed the dates and times of the alleged instances of infringement in UTC time, which is five hours ahead of Eastern Standard Time. Ex. C at 25:24-26:7; *see generally* Am. Compl.

1

address, 67.205.241.239, he is "the most likely infringer". Am. Compl. ¶ 23. Plaintiff acknowledges the speculative nature of its claim and plainly stated that "Defendant is the only person who can be identified as the infringer at this time." Am. Compl. ¶ 24.

2.  Prior to this suit, Defendant had never heard of the BitTorrent Protocol nor a peer-to-peer sharing network. Ex A at 62:6-11; Ex. E at 2. Defendant's wife, Yvonne Chen, who has lived with him during all relevant times, confirmed that she had also never heard of the BitTorrent Protocol nor a peer-to-peer sharing network. Ex. B at 44:25-45:2.

3.  Defendant has stated that without any doubt he has never seen nor downloaded the subject works in this suit. Ex. A at 63:18-20; 67:15-19; 77:2-4; 78:6-12; Ex. E at 3. Defendant's wife has also confirmed that she has never seen nor participated in the downloading of the subject works. Ex. B at 44:1-14.

4.  Plaintiff's corporate representative confirmed that it is possible for multiple people to access the same IP address. Ex. D at 51:20-53:15; 139:7-18. More importantly, the representative confirmed that Plaintiff has no idea who downloaded the copyrighted works, specifically whether the infringer was the Defendant or simply someone else who accessed the Defendant's wireless network. Ex. D at 61:7-63:10.

5.  Defendant and his wife have been residents of the Epic in downtown Miami, a 54-story mixed hotel and condominium building, since October 2011. Ex. A at 18:10-14; 18:25-19:4; 19:9-10; Ex. E at 5. Defendant's condominium is located on the 31st floor and is one (1) of fourteen (14) units on that floor. Ex. A at 18:10-14; Ex. E at 5; Ex. B at Depo. Ex. B. Defendant condominium building is 54 stories high with approximately 14 units per floor, which equates to more than 300 total units in the building. Ex. B at Depo. Ex. B; Ex. F.

6.     The Epic requires that its residents use Hotwire as their Internet provider. Ex. A at 30:11-14. As such, Defendant used Hotwire as the Internet provider for his place of residence. Ex. A at 30:11-14.

7.     In order to discover the identity of Defendant in this case, Plaintiff sent a subpoena to Hotwire requesting the subscriber information associated with certain IP addresses that it allegedly identified as infringing. Ex. C at Depo. Ex. B. The subpoena requested the subscriber information associated with the IP address 67.205.241.239 at the specific time of February 8, 2012 at 9:44 p.m.[2] Ex. C at Depo. Ex. B. Defendant's information was identified as having been associated with that IP address at that particular moment. Ex. C at 12:5-13:9; Depo. Ex. B & C.

8.     Hotwire's corporate representative confirmed the lack of accuracy with this method by stating that Hotwire had no opinion as to who the subscriber was at any times different than the subpoena time provided by Plaintiff. Ex. C at 20:20-24; 23:15-22; 24:2-16; 27:14-24; 29:3-30:5; Depo. Exs. C, D & E. She also stated that while Hotwire "could identify the account holder of the IP address, but there's no way to know who actually logged in, if there was a visitor, guest or something at that account holder's unit." Ex. C at 13:3-14:5. Further stating that, "Hotwire does not maintain individual records of users of the Internet…". Ex. C at 13:8-9. Lastly, she confirmed that Hotwire IP addresses are "dynamic". Ex. C 18:9-19:2; 21:11-22:4; 19:6-10. As such, an IP address can be assigned to a subscriber for as little as a couple hours and then switch to another subscriber—a concept known as "lease time". Ex. C 18:9-19:2; 19:6-10; 21:11-22:4.

9.     At no point in time did Plaintiff request a MAC address from Hotwire in order to identify the device that initiated the downloads. Ex. C at Depo. Ex. B. Furthermore, Plaintiff has never examined the wireless router in question nor Defendant's computer. Ex. D at 52:13-22.

---

[2] The time listed in the Amended Complaint was February 9, 2012 at 2:44 a.m. UTC time. Exhibits C at 25:24-26:7 & F at Amended Complaint's Exh. A. This translates to February 8, 2012 at 9:44 p.m. Eastern time.

3

10. Defendant has confirmed that during all relevant times the wireless router in his residence had an operating guest function and as result, it was open for anyone to access and use. Ex. E at 4; Ex E, Aff. Ex. 1. Defendant made this discovery following communications with a computer technician. Ex. E at 4; Ex E, Aff. Ex. 1. As new parents, Defendant and his wife had purchased and installed a baby monitor made by a company called WifiBaby.net ("WifiBaby") that accessed their wireless network. Ex. E at 4; Ex E, Aff. Ex. 1. When they discovered the monitor was not working properly, they called a technician from WifiBaby to look at it. Ex. E at 4; Ex E, Aff. Ex. 1. After reviewing the wireless router, the technician sent an email to Defendant stating that he "determined that [Defendant's] wireless router was broadcasting on a channel that [his] neighbor was using as well which could very well interfere [his] wifi transmissions…" and that "[his] wireless router was configured to provide a guest SSID that was openly allowing anyone to surf the net using [his] already limited bandwith." Ex. E at 4; Ex E, Aff. Ex. 1.

11. Plaintiff has alleged that one of the three infringements by Defendant took place at 12:07 p.m. EST on February 9, 2012. Am. Compl., Exh. A. However, Defendant was at work approximately 40 minutes away from his home at the time he was allegedly downloading one of Plaintiff's protected works. Ex. E at 5; Ex. E at Aff. Ex. 2. On February 9, 2012 at 11:47 a.m., Defendant was at work and sent an email to his wife (email: ychen@carnival.com) in which he described his current work to his wife. Ex. E at 5; Ex. E at Aff. Ex. 2. In this email Defendant stated: "An Ecuadorian family office. No money yet but we just agreed to a plan. **Back to work….** [emphasis added]." Ex. E at 5; Ex. E at Aff. Ex. 2. Defendant's place of employment, Crystal Capital Partners, LLC, is located at 1111 Kane Concourse #404, Bay Harbor Islands, FL 33154, approximately 40 minutes from his place of residence. Ex. E at 5; Ex. E at Aff. Ex. 2.

4

**INDEX**

Excerpts from Deposition of Defendant Mark Fitzpatrick (May 2, 2013)……….………..…..………......… Exhibit A

Excerpts from Deposition of Yvonne Chen (May 14, 2013)...………………………………..….……...…. Exhibit B

Excerpts from Deposition of Laurie M. Murphy (July 9, 2013).……………………………………....…. Exhibit C

Excerpts from Deposition of Lauren Austin (April 30, 2013)...………………………….………......... Exhibit D

Affidavit of Mark Fitzpatrick in Support of Defendant's Motion for Summary Judgment……………..….. Exhibit E

EPIC Residences & Hotel Website (http://www.epicmiami.com/html/index.php?pag=architecture)..............Exhibit F

Respectfully Submitted:

By: /s/ Kubs Lalchandani
    Kubs Lalchandani
    Florida Bar No.: 63966
    Daniel Simon
    Florida Bar No.: 0016244
    LALCHANDANI SIMON PL
    *Attorneys for Plaintiff*
    25 SE 2nd Avenue, Suite 1020
    Miami, Florida 33132
    Tel: (305) 999-5291
    Fax: (305) 671-9282

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished via CM/ECF this 22nd day of July, 2013 to attorney for Plaintiff:

M. Keith Lipscomb
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd., Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

By: /s/ Kubs Lalchandani
    Kubs Lalchandani, Esq.