**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. <u>1:12-cv-22767-PAS</u> |
| | ) | |
| v. | ) | |
| | ) | |
| MARK FITZPATRICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(b)**</u>

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 11(b) hereby moves for entry of an order sanctioning Defendant, Mark Fitzpatrick ("Defendant"), and his counsel and submits this memorandum in support:

**I.     INTRODUCTION**

At all relevant times, Defendant used a Cisco Linksys E1550 Wireless Router (the "Router"). The Router has two networks: (a) a primary network; and (b) a guest network. Anyone can connect to the guest network without a password. However, both networks <u>require</u> that a password be entered to surf the internet or transmit data. Despite being so advised, Defendant refuses to accept this truth and is intentionally avoiding performing a reasonable factual inquiry so that he may erroneously argue that anyone could have <u>used</u> the Router without a password. This argument is being proffered in bad faith and in violation of Rule 11(b)'s requirement that Defendant perform a reasonable factual inquiry. Indeed, Defendant has the router and all he needs to do is turn it on and test it.

1

II.     **FACTS**

    **A.  Defendant Bases His Argument on Highly Suspect Hearsay**

In response to interrogatories, Defendant swore that at the relevant times he was using a "Cisco Linksys 1550 wireless router and a Trendnet modem."[1]  On May 9, 2013, Defendant sent Plaintiff a letter with three exhibits.  One of those exhibits was a copy of an e-mail from Errol M. Hunter, a support technician with Wifi Baby, which stated (emphasis added):

> After looking at a few factors that would directly impact the monitor's performance.  We determined that your wireless router was broadcasting on a channel that your neighbor was using as well which could very well interfere with your wifi transmissions causing a reduction in the available bandwidth available to you on your own network.  *Also your wireless router was configured to provide a guest SSID that was open allowing anyone to surf the net using your already limited bandwidth*.   Once you disabled the guest access performance of your monitor improved.

Plaintiff attempted to depose this technician, Errol M. Hunter, but he no longer works for Wifi Baby and cannot be found.  Had Plaintiff been able to depose Mr. Hunter, Plaintiff would have established that he was only able to see an open guest network, and that he <u>assumed</u> it could be used without a password.  This assumption is demonstrably false as evidenced by the router's manual and the third party test described *infra*.

    **B.  Defendant Refused to Stipulate to the Truth of the Matter Asserted in the Wireless Router's User Manual**

To confirm details about the Router's security features, including password protection and guest access, Plaintiff contacted Belkin International, Inc., who currently owns the Linksys brand.  Belkin instructed Plaintiff to contact Cisco to obtain information about the Router and accordingly, Plaintiff set a deposition for Cisco's corporate representative on July 10, 2013.  Cisco requested that the deposition be postponed until July 12 and ultimately, Cisco informed Plaintiff that it had no witness to produce and objected to the deposition.

---

[1] The full name is Cisco Linksys E1550 Wireless Router.  There is no such thing as a 1550 Router without the "E."

In connection with this, Defendant was contacted numerous times requesting that he stipulate to the admissibility of the Router's user manual and that the manual accurately describes how the router functions.  Defendant was unwilling to stipulate to the admissibility of the Router's user manual, despite Plaintiff's vigorous attempts to negotiate.  Defendant's refusal evidences his intent to mislead the Court by blocking truthful factual matter from being presented.

### C.  Plaintiff Tested the Router

Unlike Defendant, Plaintiff conducted its own test of the router model and confirmed that: (1) "It is [] not possible to configure the guest network without a password."; (2) "Although a user may connect to the guest network without a password, transmission of data to other computers on the local area network . . . or to computers on the wide area network (the Internet) is disallowed."; and (3) "Wireless users of the guest network are only granted access to local and wide area network resources once they launch a web browser and are redirected to a web [] page, which will prompt them for the guest password.  Once the guest password is entered, the router allows the guest user access to the local and wide area network resources."  *See* CM/ECF 25-10, at ¶¶ 19, 23-24.

### D.  Plaintiff Informed Defendant of the Truth About the Router

On July 9, 2013, at the 30(b)(6) deposition of Hotwire Communications, undersigned counsel personally informed counsel for Defendant that after researching Defendant's wireless router, the guest network only *appears* to be an open network but that a password <u>must</u> be entered in order to actually connect to the Internet.  Therefore, the WiFi Baby technician's conclusion was wrong.  On July 17, 2013, Mr. Rubi tested a Cisco Linksys E1550 wireless router and confirmed Plaintiff's research.  *See* CM/ECF 25-10.  The test confirmed that a password is <u>required</u> in order to connect to the internet or transmit data using the guest network.  *Id.*

### E. Defendant Proceeded to Rely on Hearsay in His Motion for Summary Judgment

In his Motion for Summary Judgment (CM/ECF 24), Defendant continued to rely on the WiFi Baby technician's conclusion.  "There is evidence that Defendant's wireless router was open to anyone in proximity . . . After reviewing the wireless router, the technician sent an email to Defendant stating that . . . [his] wireless router . . . was openly allowing anyone to surf the net[.]"  *Id.*, at p. 8.

### F. Plaintiff Advised Defendant That His Motion for Summary Judgment Violated Rule 11(b)

On July 30, 2013, after reviewing Defendant's Motion for Summary Judgment, undersigned sent an e-mail to counsel for Defendant informing him that:

> In your motion for summary judgment you relied on the baby WiFi tech's false assertion that anyone could connect to Fitzpatrick's Cisco Linksys E1550 Router and use the Internet.  Prior to the filing, you had the router and a copy of its manual . . . Here, all you had to do was read the manual and turn on the router to conclude the Baby WiFi tech's email is demonstrably false . . . I told you during Hotwire's deposition that it was wrong and the router had to have [a] password.

*See* Exhibit "A."

That same day, counsel for Defendant responded stating:

> Keith, We have a witness that wrote to the Defendant and his wife, unrelated to this matter, to say that he viewed an open router.  The Defendant then confirmed this.  We disagree wholeheartedly with your interpretation of the manual.  We will respond appropriately to any sanctions motion and seek fees for having to do so.

*See* Exhibit "B."

On July 31, 2013, undersigned responded:

> Kubs, Please take the router and test it.  It requires *at a minimum* a 4 digit security code for the guest network and more than that for the main network.  The guest network transmits to the world that it is "open" and anyone is able to connect to it.  *But, you cannot transmit data through it or browse the internet without a security code*.  After you connect to the guest network, when you open a browser it *makes* you put in the password.  These are facts that are not subject to

4

interpretation – they are just facts pure and simple.  And, the testimony from the Baby WiFi guy and the neighbor cannot contradict these facts (and, in reality they do not).  Both people saw an "open" network.  Neither attempted to actually use it.  Because if they had they would have needed a password.

If you do not test it and continue to advance a fraudulent and misleading theory then on my view it is sanctionable.  If you test it and I am wrong then Mr. Fitzpatrick has a different model than what was disclosed in discovery and I need to know that now.  We have the model here and tested it.

Read this link: http://fixhomenetwork.com/blog/guest-network-access-for-linksys-e1000-e2000-e3000-routers/ which describes the router and says:

"Now if you have guest coming in, then you can tell them to use the Guest access which will show you as an unsecured network. That computer will not be able to access your main network. They cannot connect to the computers in the main network or they cannot access the router settings. The guest access will be totally different network.  * * * As I said it will show you unsecured guest network and any one can connect to that network. Yes, definitely, anyone can connect to your unsecured guest access.  But… but they cannot access the Internet. When they [] open the Internet browser, it will ask them to enter a password for the guest access. That means guest network is not unsecured network, there is a password protection to access the Internet."

Please rethink what you are asserting because facts are facts and here they are easily ascertainable.  It does no one any good to argue 2 plus 2 equals 5 when it equals 4.  The functionality of the router is fixed and it is what it is.  Reasonable people should be able to agree on it.

*See* Exhibit "C."

### III.     LEGAL STANDARD

Rule 11 (b) requires a reasonable inquiry into factual contentions or denials of factual contentions presented in any paper filed with the court.  *See* Fed. R. Civ. P. 11(b)(3)-(4).

By presenting to the court a pleading, written motion or other paper . . . an attorney . . . certifies that <u>to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances</u>: (1) <u>it is not being presented for any improper purpose</u>, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (3) <u>the factual contentions have evidentiary support</u> or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) <u>the denials of factual contentions are warranted on the evidence</u> or, if specifically so identified, are reasonably based on belief or a lack of information.

5

*Id.*

In determining whether to impose sanctions under Rule 11, the Court must "first determine[] whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "Rule 11 imposes a duty on attorneys to certify that they have conducted a *reasonable inquiry* and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 693 (M.D. Fla. 1992) (emphasis added) quoting *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 393 (1990). "The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer[;] whether he had to rely on a client for information as to the facts underlying the [violative document]; ... or whether he depended on forwarding counsel or another member of the bar.'" *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992) (internal citations omitted). Further, "imposition of the sanction on the attorney rather than the client is sometimes proper 'since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel.'" *Mike Ousley Productions, Inc.*, 952 F.2d at 382.

## IV. DEFENDANT FAILED TO CONDUCT A REASONABLE INQUIRY INTO THE FACTS

### A. Defendant Has Had Ample Time to Investigate and Perform a Test of the Router

The flaw in the WiFi Baby technician's assertion was first brought to Defendant's attention on July 9, as stated above. As of the date of this filing, Defendant has still not tested the router. Significantly, Defendant had possession of the subject wireless router and could have

easily, at any time, tested it by simply plugging it in.    At any time prior to filing his Motion for Summary Judgment, Defendant could have, within a matter of minutes, ascertained whether or not his reliance on the Wifi Baby technician's e-mail was sound and whether or not his stance was supported by facts.  Defendant's choice to keep his head in the sand by failing to perform a simple test to corroborate his factual assertions demonstrates a bad-faith intent to pursue an argument based on objectively false facts.

### B.  Defendant Was Required to Perform a Test of the Wireless Router

Pursuant to Rule 11, Defendant was obligated to perform a test of the wireless router. The Fifth Circuit, in *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1025 (5th Cir. 1994) affirmed the district court's sanctions order where the defendant failed to "conduct any affirmative discovery to test the verity of the evidence developed by State Farm." *Id.*  There, State Farm had uncovered substantial evidence during discovery that the plaintiff's insurance claim was fraudulent.  Despite numerous opportunities to investigate State Farm's fraud claim, plaintiff's counsel failed to do so and pressed on with the litigation.  Accordingly, in light of the overwhelming and clear evidence of fraud, the district court found that Rule 11 sanctions were proper.

> [T]he court held that Waltzer failed to act as a reasonable attorney by failing to evaluate and recognize the clear proof of fraud in this case which led to Waltzer's failure to conduct a reasonable inquiry into his client's claims. As Waltzer had not conducted a reasonable inquiry after the evidence of fraud became compelling, the court held that Waltzer had violated Rule 11 when, after this time, he signed three documents that affirmed the merits of Childs' claim.

*Id.*, at 1022-23.  The Fifth Circuit found no abuse of discretion by the district court and upheld its decision to impose sanctions for plaintiff's attorney's failure to investigate.  "Waltzer could not just cling tenaciously to the investigation he had done at the outset of the litigation and bury his head in the sand . . . to satisfy his obligation under Rule 11 . . . Waltzer's investigation would

have had to take into account State Farm's evidence of fraud." *Id.*, at 1025.  *See also Blue v. U.S. Dep't of Army*, 914 F.2d 525, 543 (4th Cir. 1990) (upholding sanctions award where reasonable investigation of claims and reasonable inquiry into discovery materials would have made clear that there was no credible evidence of racial discrimination, stating: "counsel cannot simply rely on a client's patently incredible testimony when any reasonable investigation of the factual bases for the client's claims or examination of materials obtained in discovery would reveal the paucity and implausibility of the evidence.").

Similarly here Defendant has buried his head in the sand and failed to satisfy his Rule 11 obligation by failing to take into account Plaintiff's evidence that the Router was password protected.  Instead, Defendant chose to "cling tenaciously" to the WiFi Baby technician's incredible hearsay.  In so doing, Defendant has violated Rule 11.

### C. Reliance on Highly Suspect Hearsay Which Can Easily Be Disproved Violated Rule 11(b)

"Although an attorney may rely on 'the objectively reasonable representations of the client ... [he] cannot totally rely on the uncorroborated word of h[is] client and hearsay witnesses for all of the key contentions of the case[.]" *Gartenbaum v. Beth Israel Med. Ctr.*, 26 F. Supp. 2d 645, 646-47 (S.D.N.Y. 1998) (deferring ruling on Rule 11 sanctions since there had been no discovery).  In *Mike Ousley Prods., Inc. v. Cabot*, 130 F.R.D. 155, 158 (S.D. Ga. 1990) *aff'd sub nom. Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380 (11th Cir. 1992), an improperly joined defendant had repeatedly denied involvement in the relevant transactions although the claims against him were pursued regardless.  The only support offered by plaintiff's counsel for its claims against the defendant was undocumented hearsay statements.  The Southern District of Georgia ultimately found that plaintiff's counsel violated Rule 11 "by failing to conduct a reasonable factual inquiry and neglecting his continuing obligation to review, reexamine and

reevaluate his client's position as facts were discovered after the filing of plaintiff's initial complaint." *Id.*, at 159.

> When the attorney can get the information necessary to certify the validity of the claim in public fashion and need not rely on the client, he must do so. To decide if the attorney may rely solely on his client, he should determine if his knowledge is direct or hearsay and check closely the plausibility of the client's account.

*Id.*, at 158.

Here, Defendant has continued to press an argument based upon only the hearsay e-mail sent from the WiFi Baby technician to Defendant and his wife.  By relying solely on the technician's e-mail and failing to test the technician's conclusions after having been informed by Plaintiff that they were incorrect, counsel for Defendant neglected "his continuing obligation to review, reexamine and reevaluate his client's position as facts were discovered."  *Id.*  Reliance on the technician's hearsay e-mail without further investigation therefore violates Rule 11.

### D. By Relying On Defendant Without Conducting Further Investigation, Counsel For Defendant Violated Rule 11

All of the tools necessary to test the Wifi Baby technician's claims against Plaintiff's claims are in Defendant's, and his counsel's, possession.  Thus, there is no need for counsel for Defendant to have to rely on Defendant's claim that the guest network was unsecure.  This is especially true in light of the amount of time counsel for Defendant has had to investigate the matter.  Instead of corroborating the defense after being challenged, however, adverse counsel chose to merely take Defendant at his word.  "Blind reliance on the client is seldom a sufficient inquiry[.]"  *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1327 (S.D. Fla. 2007) quoting *Southern Leasing Partners, Ltd. v. McMullan,* 801 F.2d 783, 788 (5th Cir.1986).  "An attorney has not made a 'reasonable inquiry' concerning the facts, if he has not made any inquiry, or if he has relied only on his client, when time permitted him to make a further investigation."  *Mike Ousley Prods., Inc. v. Cabot*, 130 F.R.D. at 159.

Although Defendant asserts that he "confirmed that the router had the guest access function available and it was open," this was conclusory and ambiguous.  *See* CM/ECF 24-6, at ¶ 4.  He did not say that he tested it and that it could be used without a password.  Reliance on the Defendant's assertion does not constitute an objectively reasonable inquiry into the facts.  As stated above, "[t]o decide if the attorney may rely solely on his client, he should determine if his knowledge is direct or hearsay and check closely the plausibility of the client's account."  *Id.*, at 158.  Here, Plaintiff presented evidence proving that the client's account was implausible and accordingly counsel for Defendant was not entitled to take him at his word without further investigation.  All of the materials necessary to disprove Defendant's assertion were at adverse counsel's disposal, and a simple test would have confirmed Plaintiff's claims.  Because adverse counsel failed to conduct a reasonable investigation into his client's position, sanctions under Rule 11 are proper.

### E. Defendant Pursues His Baseless Argument In An Attempt to Deceive and Mislead the Court

By pursuing an argument that has no factual basis, Defendant is attempting to mislead the Court.  "The duty of reasonable inquiry perforce requires that the signer of a pleading act upon the knowledge he acquires. After all, courts cannot function if lawyers and litigants are not forthright."  *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992).  In *Navarro-Ayala*, the appellant's sanctions for attempting to mislead the court were upheld where "[t]he statements contained in the challenged pleading were demonstrably incorrect."  *Id.*, at 1426.

> The court supportably found that <u>the truth underlying these, and other, discrepancies was easily ascertainable by a person in appellant's position</u> . . . We will not paint the lily . . . Given the appellant's admission that he knew the truth, but nevertheless <u>signed and swore to an answer that he had reason to believe was both incorrect and misleading</u>, no more was required to warrant the imposition of sanctions.

*Id.  See also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) ("Under the 1993 amendments to Rule 11, a party is responsible for reaffirming all contentions in papers filed before the court and informing the court of any changes of circumstances that would render a contention meritless."); *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (affirming district court's imposition of Rule 11 sanctions for plaintiff's attempt to mislead the court by failing to cite 11th Circuit binding precedent).

Here, Defendant signed and swore to information that he had reason to believe was both incorrect and misleading.  Indeed, his argument is demonstrably false.  Pursuing this argument in attempting to have Plaintiff's case disposed of on summary judgment is an attempt to mislead the Court into ruling incorrectly so that Defendant can avoid liability.  Under such circumstances, sanctions under Rule 11 are clearly warranted.

### V.  CONCLUSION

Counsel for Defendant chose to ignore the information provided by Plaintiff, ignore the router's factory provided user manual, ignore easily ascertainable facts, and ignore his duty to conduct a reasonable inquiry to verify the truth of the factual assertions on which he relies by performing a simple test.  Defendant had ample notice that his wireless router's guest network was at all times password protected and that it, as a matter of fact, it *must* be password protected if the guest access is enabled.  Attempting to contest the factual matter asserted by Plaintiff by simply claiming to wholeheartedly disagree with Plaintiff's "interpretation" of the Router's user manual, evidences Defendant's bad faith.  Plaintiff did not "interpret" the user manual.  The user manual and the functionality of the Router is not subject to interpretation; it indisputably describes the features and functionality of the Defendant's wireless router: "The guest network is shown as an open, unsecure wireless network that your guests can easily connect to.  To prevent unauthorized users from using your Internet access, your guest network *requires* that a password

be entered for Internet access." *See* CM/ECF 25-11, at p. 15 (emphasis added). Counsel for Defendant now knows this and continues to rely on demonstrably false hearsay and on a vague and unspecific confirmation by Defendant, instead of testing the router.  This conduct merits sanctions.  Indeed, "[i]f the attorney failed to make a reasonable inquiry, then the court *must* impose sanctions despite the attorney's good faith belief that the claims were sound." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (emphasis added) citing *McGuire Oil Co. v. Mapco, Inc.,* 958 F.2d 1552, 1563 (11th Cir.1992)).

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion and enter an award of sanctions against Defendant.

Dated:  August 30, 2013

Respectfully submitted,

By: /s/ M. Keith Lipscomb
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ M. Keith Lipscomb